# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 03/25/2022 11:42 PM
Case Number CVRI2201230 0000016173679 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigit Prado, Clerk

# SUMMONS
## *(CITATION JUDICIAL)*

**SUM-100**

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** CITY OF BEAUMONT POLICE
*(AVISO AL DEMANDADO):* DEPARTMENT, JOHN DOE #1,
JOHN DOE #2, JOHN DOE #3 and DOES 4-25,inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** NICHOLAS D. NORMAN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* CVRI2201230 |
|---|---|

SUPERIOR COURT OF CALIFORNIA
Riverside Historic Courthouse
4050 Main Street
Riverside, CA  92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arthur H. Barens, Esq.(SBN 43215)              (310) 557-0444  (310) 557-1432
LAW OFFICES OF ARTHUR H. BARENS
10209 Santa Monica Blvd.,
Los Angeles, CA 90067

| DATE:<br>*(Fecha)* 3/25/2022 | Clerk, by _____, Deputy<br>*(Secretario)*                    *(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   CITY OF BEAUMONT POLICE DEPARMENT

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/3/27

[SEAL] GC68150(g)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

Legal Solutions Plus

1  Arthur H. Barens, Esq.  (SBN 43215)
   LAW OFFICES OF ARTHUR H. BARENS, A P.C.
2  10209 Santa Monica Boulevard
   Los Angeles, CA  90067
3  Telephone: (310) 557-0444
   Facsimile:  (310) 557-1432
4
   Peter Johnson, Esq. (SBN 252542)
5  PETER JOHNSON LAW, P.C.
   409 N. Pacific Coast Hwy., 651
6  Redondo Beach, CA  90277
   Telephone: (310) 295-1785
7  Facsimile: (213) 319-2907

8  Attorneys for Plaintiff,
   NICHOLAS D. NORMAN
9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    FOR THE COUNTY OF RIVERSIDE

13  NICHOLAS D. NORMAN                    CASE NO.:  CVRI2201230

14              Plaintiff,                COMPLAINT FOR:

15  vs.

16  CITY OF BEAUMONT POLICE               1. VIOLATION OF CIVIL RIGHTS (42
    DEPARTMENT, JOHN DOE #1, JOHN            U.S.C. § 1983 – EXCESSIVE FORCE);
17  DOE #2, JOHN DOE #3 and DOES 4-25,
    inclusive,                            2. VIOLATION OF CALIFORNIA
18                                           CIVIL CODE § 51.7;
               Defendants.
19                                        3. VIOLATION OF CALIFORNIA
                                             CIVIL CODE § 52.1;
20
                                          4. ASSAULT AND BATTERY;
21
                                          5. NEGLIGENCE/NEGLIGENT
22                                           HIRING AND RETENTION;

23                                        6. INTENTIONAL INFLICTION OF
                                             EMOTIONAL DISTRESS;
24                                        7. VIOLATION OF CIVIL RIGHTS (42
                                             U.S.C. § 1983 –
25                                        FOURTH/FOURTEENTH
                                          AMENDMENT - DENIAL
26                                        OF/DELIBERATE INDIFFERENCE
                                          TO MEDICAL CARE)
27

28
                                                                    - 1 -

**PARTIES AND JURISDICTION**

1. The true names and capacities, whether individual, corporate, entity, associate or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously and caused the damage to the Plaintiff as herein alleged. Defendants DOES 1 through 50, inclusive shall also be referred to herein collectively as "DEFENDANTS." When Plaintiff ascertains the true names and capacities of DOES 1 through 50, inclusive, he will seek leave of court to amend his complaint by setting forth same.

2. At all times mentioned herein, Plaintiff NICHOLAS D. NORMAN (hereinafter referred to as "NORMAN" or "PLAINTIFF") was and now is a competent adult and an African-American male residing in the County of Riverside, State of California.

3. At all times mentioned herein, Defendant the CITY OF BEAUMONT POLICE DEPARTMENT (hereinafter referred to as "CITY OF BEAUMONT" or collectively as "DEFENDANTS") is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the BEAUMONT POLICE DEPARTMENT ("BPD") and together with the BPD employs, and/or is responsible for other defendants in this action.

4. At all times herein mentioned, Defendant CITY OF BEAUMONT POLICE DEPARTMENT (hereinafter referred to as "CITY OF BEAUMONT", or collectively as "DEFENDANTS") was and now is a governmental law enforcement agency organized and existing under the laws of the State of California, City of Beaumont.

5. At all times herein mentioned, Defendant JOHN DOE #1, Caucasian male officer (hereinafter referred to as "DOE #1" or collectively as "DEFENDANTS") was a member and/or officer of the Beaumont Police Department and was a duly authorized employee of the City of Beaumont and was acting within the course and scope of his duty and under the color of law and with complete authority and ratification of his principal, Defendants City of Beaumont and the

- 2 -

1    Beaumont Police Department.

2    6.  At all times herein mentioned, Defendant JOHN DOE #2, Hispanic male officer (hereinafter

3        referred to as "DOE #2" or collectively as "DEFENDANTS") was a member and/or officer of

4        the Beaumont Police Department and was a duly authorized employee of the City of Beaumont

5        and was acting within the course and scope of his duty and under the color of law and with

6        complete authority and ratification of his principal, Defendants City of Beaumont and the

7        Beaumont Police Department.

8    7.  At all times herein mentioned, Defendant JOHN DOE #3 Hispanic male officer (hereinafter

9        referred to as "DOE #3" or collectively as "DEFENDANTS") was a member and/or officer of

10       the Beaumont Police Department and was a duly authorized employee of the City of Beaumont

11       and was acting within the course and scope of his duty and under the color of law and with

12       complete authority and ratification of his principal, Defendants City of Beaumont and the

13       Beaumont Police Department.

14   8.  DOES 4 though 25, inclusive, were at all times herein mentioned the agents, servants and/or

15       employees of DEFENDANTS and each of them, and in doing the things hereinafter alleged,

16       were acting in the course and scope of their authority as such agents, servants, and employees

17       with the permission, consent and ratification of DEFENDANTS.

18   9.  PLAINTIFF is informed and believes and based thereon alleges that each of the DEFENDANTS

19       named in this action was the agent and employee of every other DEFENDANT named in this

20       action and, in doing the things hereafter alleged, was acting within the course and scope of that

21       agency or employment and with the permission, consent and ratification of every other

22       DEFENDANT.

23   10. PLAINTIFF further alleges that each DEFENDANT acted in concert with each other

24       DEFENDANT regarding the actions, and failure to act, as set forth in this complaint.  It is

25       hereby asserted that the DEFENDANTS, and each of them, agreed to commit the wrongful acts

26       as set forth herein; the DEFENDANTS, and each of them, were aware at all relevant times of

27       the wrongful acts set forth in this complaint; that the DEFENDANTS, and each of them,

28       planned to commit the subject wrongful acts; and intended that the wrongful acts be committed.

1   The DEFENDANTS, and each of them, cooperated and/or agreed to cooperate in the wrongful
2   acts set forth in this complaint.

3

4                                    **COMMON FACTS**

5   11.  On or about March 5, 2021 at approximately 2:00 a.m., in Los Angeles County, PLAINTIFF
6        was lawfully operating his 2008 GMC Denali vehicle home when (Plaintiff fell asleep behind
7        the wheel) and lost control colliding into a neighbor's brick wall at or near the intersection of
8        8th Street and Palo Alto in the City of Beaumont, County of Riverside.

9   12.  Plaintiff exited his vehicle walked around the corner to his home which is located approximately
10       8 houses away from where the collision occurred to get assistance and call a tow truck.

11  13.  Thereafter, although not called by Plaintiff, Defendants three (3) law enforcement officers
12       arrived at the scene and asked if Plaintiff required help.  Plaintiff replied that he was the
13       registered owner and did not require any help. The officer, Defendant John Doe #1 replied "*Yes,*
14       *you do!"* and approached Plaintiff in an aggressive manner.  Plaintiff took out his phone to
15       video-record the situation when the officer grabbed Plaintiff by his left arm in a "half-Nelson"
16       position and taking him down to the ground, preventing our client to video-record.

17  14.  Another police officer, Defendant John Doe #2, came down on Plaintiff with his knee and
18       grabbed Plaintiff's other arm.  At that time, Plaintiff heard one of the officers yell out "*taser*
19       *him!"* at which time Defendant John Doe #3, the 3rd officer fired his taser weapon striking
20       Plaintiff.  As the first taser shot struck Plaintiff's jacket, the 3rd officer fired a second taser shot
21       which struck Plaintiff on his right shoulder.

22  15.  At this point Defendant placed Plaintiff flat on his back and the officers started beating his arms
23       and legs with their batons.  Plaintiff believes that all three (3) officers were striking his back,
24       arms and legs with their batons.  Plaintiff estimates they struck him approximately fifteen (15)
25       times.

26  16.  PLAINTIFF yelled out for help and requested the tow-truck driver to video-record the incident
27       at which time the Defendant officers ceased their assault on Plaintiff.  Plaintiff was subsequently
28       handcuffed and Defendant officers called paramedics/ambulance.

17. PLAINTIFF's was in substantial pain from the aforementioned improper and unlawful action and tactic by the Defendant officers.

18. When the ambulance arrived there was some dispute between the EMT personnel and the defendant officers. They were argued about what to do with the Plaintiff. One of the Defendant officers stated "***test him for drugs and if its negative, take him to the hospital.  But if its positive, take him to jail***." The EMT personnel advised the Defendant officers that Plaintiff was not under the influence of drugs or alcohol.

19. Plaintiff was subsequently transported to San Gorgonio Hospital wherein it was confirmed that Plaintiff was not under the influence of any substance, underwent a CT scan and treated for his injuries.

20. The DEFENDANTS seemed to find humor in the fact that Defendants had tasered and injured PLAINTIFF.  One or more of the DEFENDANT officers were seen laughing and joking at their own video of the incident.

21. PLAINTIFF presented a claim to the City of Beaumont on July 15, 2021, of which Plaintiff has yet to receive any written letter of acknowledgment or notice of rejection of PLAINTIFF'S claim.

### *FIRST CAUSE OF ACTION*

(Violation of Civil Rights 42 U.S.C. §1983 – Excessive Force – against Defendant officers John Doe #1, John Doe #2, and John Doe #3 and Does 4-50)

22. PLAINTIFF hereby incorporates and alleges all of the paragraphs above as though fully set forth herein.

23. At all times material to this Complaint, the DEFENDANTS were acting under color of the law in violating PLAINTIFF'S constitutional rights as herein alleged under the Fourth Amendment to the Constitution of the United States. The Fourth Amendment is made applicable to the States pursuant to 42 U.S.C. §1983.

24. DEFENDANTS, and each of them, deprived PLAINTIFF of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States by, inter alia, subjecting PLAINTIFF to excessive, unreasonable and unnecessary force; unlawful search and

1    seizure; and conspiring to deprive PLAINTIFF of his constitutionally protected rights.

2    25.  PLAINTIFF has a constitutional right to be free from the use of excessive force by law

3    enforcement officers. The conduct of DEFENDANTS as identified above is excessive force

4    exposing DEFENDANTS to individual liability. Therefore, the individual DEFENDANTS, and

5    each of them, are liable to PLAINTIFF under 42 U.S.C. § 1983.

6    26.  Due to the conduct of DEFENDANTS, and each of them, PLAINTIFF has suffered general and

7    special damages, all in a sum to be proved at trial.

8    27.  Due to the conduct of DEFENDANTS, and each of them, PLAINTIFF has been required to

9    incur attorneys' fees and will continue to incur attorneys' fees, all to PLAINTIFF's damage in a

10   sum to be proved at trial and recoverable pursuant to 42 U.S.C. §988.

11   28.  The individual DEFENDANTS acted with a conscious disregard of PLAINTIFF's rights

12   conferred upon him by Section 1983, Title 42 of the United States Code, the Fourth Amendment

13   to the United States Constitution and California Civil Code, Section 3333, by virtue of

14   intentionally harming PLAINTIFF, detaining PLAINTIFF and restraining PLAINTIFF. Such

15   conduct constitutes malice, oppression and/or fraud under California Civil Code Section 3294,

16   entitling PLAINTIFF to punitive damages against the individual DEFENDANTS in an amount

17   suitable to punish and set an example of said DEFENDANTS.

18

19   ***SECOND CAUSE OF ACTION***

20   (Violation of California Civil Code § 51.7 against ALL DEFENDANTS)

21   29.  PLAINTIFF realleges and incorporates by reference the allegations contained in paragraphs 1

22   through 28 of this complaint, as though fully set forth herein.

23   30.  California Civil Code § 51.7 provides in pertinent part:

24   (a) All persons within the jurisdiction of this State have the right to be free from

25   any violence, or intimidation by threat of violence, committed against their

26   persons or property because of political affiliation, or on account of any

27   characteristic listed or defined in subdivision (b) or (e) of Section 51, or position

28   in a labor dispute, or because another person perceives them to have one or more

of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive.

31. California Civil Code § 51 provides in pertinent part:

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

32. California Civil Code § 52 provides in pertinent part:

(b) Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following:

(1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages.

(2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice.

(3) Attorney's fees as may be determined by the court.

33. The conduct of DEFENDANTS constituted violence against PLAINTIFF, intimidation and threat of violence against PLAINTIFF. The acts of DEFENDANTS were done in part based upon PLAINTIFF's race and ancestry as an African American. The individual DEFENDANTS were/are employees of the City of Beaumont Police Department which is liable for the acts or omission of its employees identified herein pursuant to law and, in particular, California Government Code § 815.2.

34. As a direct result of DEFENDANTS' conduct, PLAINTIFF'S rights pursuant to California Civil Code § 51.7 were violated, causing injuries and damages in an amount

1   to be proved at the time of trial.

2   35. Due to the conduct of DEFENDANTS, and each of them, PLAINTIFF has been

3   required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to

4   California Civil Code § 52, PLAINTIFF is entitled to recover said fees. Pursuant to

5   California Civil Code § 52(b)(2) PLAINTIFF is also entitled to a civil penalty of

6   $25,000.00.

7   36. The individual DEFENDANTS acted with a conscious disregard of PLAINTIFF's rights

8   by virtue of intentionally harming PLAINTIFF, detaining PLAINTIFF and restraining

9   PLAINTIFF without probable cause. Such conduct constitutes malice, oppression

10   and/or fraud under California Civil Code Section 3294, entitling PLAINTIFF to

11   punitive damages against the individual DEFENDANTS in an amount suitable to

12   punish and set an example of said DEFENDANTS.

13   ***THIRD CAUSE OF ACTION***

14   (Violation of Civil Code § 52.1 against ALL DEFENDANTS)

15   37. PLAINTIFF realleges and incorporates by reference the allegations contained in

16   paragraphs 1 through 28, and 29 through 36 of this complaint, as though fully set forth

17   herein.

18   38. California Civil Code § 52.1 (b) provides in pertinent part:

19   Any individual whose exercise or enjoyment of rights secured by the Constitution

20   or laws of the United States, or of rights secured by the Constitution or laws of this

21   state, has been interfered with, or attempted to be interfered with, as described in

22   subdivision (a), may institute and prosecute in his or her own name and on his or

23   her own behalf a civil action for damages, including, but not limited to, damages

24   under Section 52, injunctive relief, and other appropriate equitable relief to protect

25   the peaceable exercise or enjoyment of the right or rights secured.

26   39. The following laws/statutes provide for the rights of PLAINTIFF alleged to have been

27   violated hereunder:

28   A. California Civil Code § 43 provides:

Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations.

B. Article 1 § 13 of the Constitution of The State of California provides:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized.

C. The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

40. DEFENDANTS engaged in the following intentional conduct against PLAINTIFF which was done to intimidate and coerce PLAINTIFF and was not incidental to a garden variety traffic stop:

- Approached PLAINTIFF in an intimidating fashion when PLAINTIFF was simply trying to have his vehicle towed;

- With no provocation by PLAINTIFF, Defendants aggressively grabbed PLAINTIFF's arms, forced him down to the ground, tasered and beat him with their batons causing significant injuries all while utilizing tactics of intimidation, fear and pain.

41. None of the foregoing conduct could be a reasonable use of force

42. The conduct of DEFENDANTS caused a non-consensual, intentional restraint/confinement of PLAINTIFF without lawful privilege for an appreciable period

1  of time as well as harm to PLAINTIFF'S person.

2  43. The conduct of DEFENDANTS caused PLAINTIFF to be subjected to excessive force

3  and an unreasonable search and seizure of his person in violation of the California

4  Constitution.

5  44. As a direct cause of DEFENDANTS' conduct, PLAINTIFF's rights pursuant to

6  California Civil Code § 52.1 were violated, causing injuries and damages in an amount

7  to be proved at the time of trial.

8  45. Due to the conduct of DEFENDANTS, and each of them, PLAINTIFF has been

9  required to incur attorneys' fees and will continue to incur attorneys' fees. Pursuant to

10  California Civil Code § 52.1(h), PLAINTIFF is entitled to recover said fees. Pursuant

11  to California Civil Code § 52.1 (a) PLAINTIFF is also entitled to a civil penalty of

12  $25,000.00.

13  46. The individual DEFENDANTS acted with a conscious disregard of PLAINTIFF's rights

14  by virtue of intentionally harming PLAINTIFF, detaining PLAINTIFF and restraining

15  PLAINTIFF all without probable cause. Such conduct constitutes malice, oppression

16  and/or fraud under California Civil Code Section 3294, entitling PLAINTIFF to

17  punitive damages against the individual DEFENDANTS in an amount suitable to

18  punish and set an example of said DEFENDANTS.

19

20  ***FOURTH CAUSE OF ACTION***

21  (Assault and Battery against ALL DEFENDANTS)

22  47. PLAINTIFF realleges and incorporates by reference the allegations contained in all of

23  the paragraphs above as though fully set forth herein.

24  48. The detaining of PLAINTIFF as stated, grabbing PLAINTIFF's arms, forcing him to the

25  ground, and tasering causing significant injuries to PLAINTIFF as stated constituted an

26  assault and battery on PLAINTIFF as the conduct caused fear and anxiety and physical

27  harm and was unwanted and unnecessary. Defendants John Doe #1, John Doe #2 and

28  John Doe #3 are employees of the City of Beaumont Police Department, which is liable

1   for the acts or omission of its employees identified herein.

2   49. Public entities are liable for this type of conduct for their employees acting within the

3   scope of their employment pursuant to California Government Code §815.2.

4   50. As a direct and proximate cause of DEFENDANTS' conduct, PLAINTIFF sustained

5   general and special damages, in an amount to be proved at the time of trial.

6   51. The individual DEFENDANTS' conduct was done so with a conscious disregard of

7   PLAINTIFF's rights and safety; constitute malice, oppression and/or fraud under

8   California Civil Code Section 3294, entitling PLAINTIFFs to punitive damages.

9

10   ***FIFTH CAUSE OF ACTION***

11   (Negligence and Negligent Hiring and Retention against ALL DEFENDANTS)

12   52. PLAINTIFF realleges and incorporates by reference the allegations contained in

13   paragraphs 1 through 51 of this complaint, as though fully set forth herein.

14   53. Public entities are liable for the negligence of their employees acting within the scope

15   of their employment pursuant to California Government Code § 815.2.

16   54. Defendants  John Doe #1, John Doe #2 and John Doe #3 owed a duty of due care in the

17   exercise of their actions so as not to create an unreasonable risk of injury to

18   PLAINTIFF.  Defendants  John Doe #1, John Doe #2 and John Doe #3 also owed

19   PLAINTIFF a duty of due care not to use excessive force in performing their duties.

20   55. Defendants  John Doe #1, John Doe #2 and John Doe #3 breached their duty of due

21   care to PLAINTIFF by engaging in the use of excessive force in the process of

22   detaining PLAINTIFF.  PLAINTIFF was also detained without probable cause.

23   56. In conducting himself in the manner set forth above, Defendants  John Doe #1, John

24   Doe #2 and John Doe #3 caused injury to PLAINTIFF and damages in an amount to be

25   proven at the time of trial.

26   57. DEFENDANT CITY OF BEAUMONT POLICE DEPARTMENT and DOES 4

27   through 25 were responsible for the training, supervision, hiring, retention and conduct

28   of DEFENDANTS  John Doe #1, John Doe #2 and John Doe #3 and DOES 1 through

25.  It is believed that due to the extreme nature of the conduct engaged in by Defendants  John Doe #1, John Doe #2 and John Doe #3, it is likely that this was not the first time that these Defendants engaged in excessive force and had engaged in such excessive force in the past that was known to the other DEFENDANTS. Accordingly, DEFENDANT City of Beaumont Police Department's hiring of, failure to terminate and or discipline of Defendants  John Doe #1, John Doe #2 and John Doe #3 for such prior conduct constitutes negligence in the hiring, training, retention, supervision, management, direction and control of the activities of DEFENDANTS.

58.  As a result of the conduct of DEFENDANTS and DOES 1 through 25, PLAINTIFF was injured and suffered damages in an amount to be proven at the time of trial.

## SIXTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress against ALL DEFENDANTS)

59.  PLAINTIFF repeats and re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

60.  As outlined in detail above, DEFENDANTS intentionally inflicted emotional distress on PLAINTIFF by engaging in extreme and outrageous behavior that intended to cause PLAINTIFF emotional distress and/or DEFENDANTS acted with reckless disregard of the possibility that PLAINTIFF would suffer emotional distress. Specifically, DEFENDANTS engaged in extreme and outrageous behavior when DEFENDANTS restrained PLAINTIFF, handcuffed PLAINTIFF, grabbed and squeezed PLAINTIFF's arms, tasered and beat with batons PLAINTIFF's person with such purposeful, extreme and unlawful force so as to cause significant injuries to PLAINTIFF.  As a result, PLAINTIFF did in fact suffer serious emotional distress, and continues to suffer serious emotional distress as a result of DEFENDANTS' conduct.

61.  As a direct and legal result of DEFENDANTS' conduct, PLAINTIFF has suffered and will suffer damages, including but not limited to, bodily injuries, depression,

nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, difficulty with appetite, social withdrawal, and anger.

62. On information and belief, the wrongful acts and conduct of DEFENDANTS, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of PLAINTIFF, entitling PLAINTIFF to an award of punitive damages as provided by Section 3294 of the California Civil Code.

63. DEFENDANTS City of Beaumont Police Department, John Doe #1, John Doe #2 and John Doe #3 and DOES 4 through 25 are vicariously liable for the wrongful acts of the DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### *SEVENTH CAUSE OF ACTION*

(Violation of Civil Rights 42 U.S.C. §1983 – Fourth/Fourteenth Amendment - Denial of/Deliberate Indifference to Medical Care against Defendants and DOES 1-25)

64. PLAINTIFF repeats and re-alleges all prior paragraphs of this complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

65. The Fourth Amendment (applied to state actors through the Fourteenth Amendment) and Fourteenth Amendment to the United States Constitution protects to rights of persons to medical care for medical needs apparent during the course of detention and arrest, and prohibit deliberate indifference by law enforcement officers to such medical needs of detainees and/or arrestees.

66. DEFENDANTS failed to timely summon any medical care or timely provide PLAINTIFF with necessary medical care to address the fracture and the pain therefrom.

67. In so doing, DEFENDANTS were deliberately indifferent to PLAINTIFF'S medical needs and violated PLAINTIFF'S constitutional rights to adequate medical care. In

1   violating PLAINTIFF'S constitutional rights.

2   68. As a result, PLAINTIFF suffered extreme pain and suffering.

3   69. The conduct of DEFENDANTS was willful, wanton, malicious and done with an evil

4   motive and intent and a reckless disregard for the rights and safety of PLAINTIFF and

5   therefore warrants the imposition of punitive damages against the individual

6   DEFENDANTS pursuant to California Civil Code § 3294.

7

8   WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS and each of

9   them as follows:

10  1.  For general and non-economic damages for all causes of action in the sum to be proven

11      at time of trial;

12  2.  For punitive damages in an amount appropriate to punish DEFENDANTS and deter

13      others from engaging in similar misconduct;

14  3.  For special and economic damages in an amount to be proven at time of trial;

15  4.  For an award for attorney's fees and costs of suit herein;

16  5.  For an award of Civil Penalties pursuant to statute;

17  6.  For pre-judgment interest;

18  7.  For costs of suit; and

19  8.  For such other and further relief as the Court may deem just and proper.

20  DATED:   February 28, 2022          LAW OFFICES OF ARTHUR H. BARENS

21

22                          By: _____

23                              ARTHUR H. BARENS,
                                Attorneys for PLAINTIFF,
24                              NICHOLAS D. NORMAN

25

26

27

28

Electronically FILED by Superior Court of California, County of Riverside on 03/25/2022 11:42 PM
Case Number CVRI2201230 0000018173681 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Brigil Prado, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | **BANNING** 135 N. Alessandro Rd., Banning, CA 92220 | ☐ | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ | **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ | **HEMET** 880 N. State St., Hemet, CA 92543 | ☒ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ | **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ | **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |

**RI-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Arthur H. Barens, Esq. (SBN 43215)<br>Peter Johnson, Esq. (SBN 252542)<br>LAW OFFICES OF ARTHUR H. BARENS<br>10209 Santa Monica Blvd.<br>Los Angeles, CA 90067<br>     TELEPHONE NO: (310) 557-0  FAX NO. *(Optional)*: (310) 557-1432<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: NICHOLAS D. NORMAN | FOR COURT USE ONLY |

| | |
|---|---|
| PLAINTIFF/PETITIONER: NICHOLAS D. NORMAN | |
| DEFENDANT/RESPONDENT: CITY OF BEAUMONT POLICE DEPARTMENT, et al. | CASE NUMBER:<br>CVRI2201230 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: __92223_____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date __02/28/2022_____

__Arthur H. Barens, Esq._____
(TYPE OR PRINT NAME OF [ X ] ATTORNEY [ ] PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

## What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

**Page 1 of 2**

. Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

RI-ADR00

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:                          FAX NO. *(Optional)* | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | CASE NUMBER: |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Page 1 of 1
Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:** CVRI2201230

**Case Name:** NORMAN vs CITY OF BEAUMONT POLICE DEPARTMENT

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Irma Asberry in Department 5 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

 

| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 03/30/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____

B. Prado, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

CIV-050

DO NOT FILE WITH THE COURT
UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: |
|---|---|
| Arthur H. Barens, Esq.(SBN 43215)<br>Peter Johnson, Esq.(SBN 252542)<br>LAW OFFICES OF ARTHUR H. BARENS<br>10209 Santa Monica Blvd.<br>Los Angeles, CA 90067 | (310) 557-0444 |

ATTORNEY FOR (Name): NICHOLAS D. NORMAN

RIVERSIDE

STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: NICHOLAS D. NORMAN
DEFENDANT: CITY OF BEAUMONT POLICE DEPARTMENT, et al.

**STATEMENT OF DAMAGES**

CASE NUMBER:
CVRI2201230

To: CITY OF BEAUMONT POLICE DEPARTMENT

Plaintiff (name of one plaintiff only): NICHOLAS D. NORMAN

seeks damages in the above-entitled action, as follows:

1. AMOUNT

a. [X] Pain, suffering, and inconvenience ...................................$ 3,500,000.0

b. [X] Emotional distress ......................................................$ 3,500,000.0

c. [ ] Loss of consortium .....................................................$ _____

d. [ ] Loss of society and companionship ...............................$ _____

e. [ ] Other (specify) .........................................................$ _____

f. [ ] Other (specify) .........................................................$ _____

g. [ ] Continued on Attachment 1.g.

2.

a. [X] Medical expenses (to date) ..........................................$ According to Proof

b. [X] Future medical expenses (present value) ........................$ According to Proof

c. [X] Loss of earnings (to date) ...........................................$ According to Proof

d. [ ] Loss of future earning capacity (present value) ...............$ _____

e. [ ] Property damage .......................................................$ _____

f. [ ] Funeral expenses ......................................................$ _____

g. [ ] Future contributions (present value of financial benefit ......$ _____

h. [ ] Value of personal service, advice, or training ..................$ _____

i. [X] Other    Post and Prejudgment interest .........................$ According to Proof

j. [ ] Other ....................................................................$ _____

k. [ ] Continued on Attachment 2.k.

3. [X] Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of .............$ According to Proof
when pursuing a judgment in the suit filed against you.

Date: 01/31/2023

Arthur H. Barens, Esq.(SBN 43215)
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

STATEMENT OF DAMAGES

Legal Solutions Plus

Code of Civil Procedure, §§ 425.11, 425.115

CIV-050

| | |
|---|---|
| PLAINTIFF: NICHOLAS D. NORMAN | CASE NUMBER: |
| DEFENDANT: CITY OF BEAUMONT POLICE DEPARTMENT, et a | CVRI2201230 |

PROOF OF SERVICE

(At the time of service I was at least 18 years of age and not a party to this action. I served copies of the summons, complaint, and other papers.)

1. I served the
   a. ☐ Statement of Damages   ☐ Other (specify):

   b. on (name):

   c. by serving   ☐ defendant   ☐ other (name and title or relationship to the person served):

   d. ☐ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service (check proper box):
   a. ☐ Personal service. By personally delivering copies. (CCP § 415.10)
   b. ☐ Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) (Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)
   d. ☐ Mail and acknowledgment service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) (Attach completed acknowledgment of receipt.)
   e. ☐ Certified or registered mail service. By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) (Attach signed return receipt or other evidence of actual delivery to the person served.)
   f. ☐ Other (specify code section):
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

► _____
   (SIGNATURE)

I certify that the foregoing is true and correct.

Date:

► _____
   (SIGNATURE)

PROOF OF SERVICE
(Statement of Damages)

Code of Civil Procedure, §§ 425.11, 425.115